JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Shalira Taylor ("defendant"), appeals her conviction for domestic violence, a felony of the third degree, asserting that it was against the manifest weight of the evidence. For the reasons that follow, we affirm.
 {¶ 2} The evidence from the record includes the following: defendant was charged with causing or attempting to cause physical harm to her live-in boyfriend/fiancé on March 1, 2006. The victim, a Cleveland Heights police officer, testified that he went home after work to discuss ending his relationship with defendant. He confirmed that they were living together at the time.
 {¶ 3} Defendant wrote down the phone number of a woman the victim had dated on a piece of paper and placed it in her waistband. The victim tried to grab it. When defendant grabbed him, he "put her on the floor." He got the paper and tried to run out of the door. He recalls they were both angry and began to wrestle in the living room and bedroom over his police-issued weapon, a .357 revolver. Defendant somehow obtained possession of the firearm. The victim made a police statement about the incident on March 1, 2006, at approximately 8:12 p.m., where he indicated that the defendant grabbed the weapon out of his holster and pulled the hammer back and attempted to pull the trigger. However, at trial, the victim maintained he was not certain that his statement accurately reflected what happened.
 {¶ 4} The victim regained control of the firearm by yanking it from the defendant. He ran into the bedroom trying to "make the gun safe." Defendant *Page 2 
continued to yell at him, chased him into the bedroom, and began hitting him with a dresser drawer. The victim identified State's Exhibit 16 as the pieces of his dresser drawer. The drawer was intact until defendant hit him with it. Defendant also hit him in the head with the telephone, which also broke during her attack on him. The victim stated he sustained a fractured wrist that required medical attention and a sling. He also suffered a bruise to his head. The victim identified several photographs that were introduced into evidence that illustrate signs of a struggle. The victim admitted that he told medical personnel that he suffered his wrist injury moving, which was untrue.
 {¶ 5} On cross-examination, the victim denied pointing the gun at the defendant. He denied that defendant threatened to call his work. He admitted that after the fight he drove around for awhile "debating on what [he] wanted to do." He proceeded to the medical center and then to the police station.
 {¶ 6} The defense cross-examined the victim about his knowledge that pointing a gun at someone would constitute felonious assault, which he knew. He acknowledged that he could lose his job and face potential criminal charges if he had done that.
 {¶ 7} The State then presented the testimony of the Cleveland Heights detective who investigated the incident reported by the victim on March 1, 2006. He went to the apartment and observed evidence of a violent struggle. He interviewed *Page 3 
potential eyewitnesses and the victim. He also learned that defendant had prior domestic violence convictions.
 {¶ 8} The defendant testified and described a different version of events. She stated the victim was her fiancé with whom she resided. Defendant stated that the victim hit her with his truck in February 2006, causing her to sustain injuries that required stitches. Although she called Cleveland Heights police, no criminal charges were filed against the victim. She continued her relationship with him.
 {¶ 9} On or about March 1, 2006, she confirmed a series of phone calls between herself and the victim. She terminated all the calls by hanging up on him. She went to talk to the victim on March 1, 2006 around 4:00 p.m. She confronted him about another woman, who had left a voicemail message. When he would not respond, defendant obtained the phone number from his phone, wrote it down, intending to contact the woman. She put the paper in her pants and started to walk out of the door. The victim dragged her back in and threw her against the computer trying to get the paper from her. She fought back. The computer fell during the struggle. He was hurting her neck and back. He threw her to the ground and she hit him with the phone. She told him she was going to call his job and get him fired. The victim responded by putting his gun in his hand. She described running into the bedroom, where the victim followed her. At that point, she pulled out the dresser drawer and hit him with it on his right side causing him to fall to the bed. The drawer *Page 4 
broke. But, defendant claims she was able to beat the gun out of the victim's hand with the remaining piece of the dresser drawer. After causing the victim to drop the gun, she ran out of the house and drove away. Although the victim subsequently called her, she refused to return to the house. Eventually, the defendant voluntarily turned herself in to police.
 {¶ 10} The jury found defendant not guilty of felonious assault with a deadly weapon but guilty of domestic violence with prior convictions. Defendant now appeals and assigns one error for our review.
 {¶ 11} "I. The conviction of appellant was against the manifest weight of the evidence."
 {¶ 12} When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 387. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175. *Page 5 
 {¶ 13} In arguing that her conviction was against the weight of the evidence, defendant references and relies upon the eight factors set forth in State v. Mattison (1985), 23 Ohio App.3d 10, internal citations omitted, which are:
 {¶ 14} `"1. Knowledge that even a reviewing Court of Appeals is not required to accept as true the incredible.
 {¶ 15} "`2. Whether evidence is uncontradicted,
 {¶ 16} "`3. Whether a witness was impeached,
 {¶ 17} "`4. Consideration of what was not proved,
 {¶ 18} "`5. The certainty of the evidence,
 {¶ 19} "`6. The reliability of the evidence,
 {¶ 20} `"7. The extent to which any of the witnesses may have an interest to advance or protect by their testimony, and
 {¶ 21} "`8. The extent to which the evidence is vague, uncertain, conflicting, fragmentary, or not fitting together in a [logical] pattern.'"
 {¶ 22} The evidence does not weigh heavily against defendant's convictions. Defendant was convicted of domestic violence under R.C. 2919.25, which provides, in pertinent part, that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 23} First, defendant maintains that the jury must have clearly lost its way, since it acquitted her of felonious assault and, therefore, must not have believed the *Page 6 
testimony of the victim. However, the jury is free to believe or disbelieve all or part of any witness's testimony. State v. Antill
(1964), 176 Ohio St. 61, 67. Furthermore, the elements of the felonious assault and the domestic violence charge against defendant were not the same such that a not guilty verdict on one charge would necessarily lead to an acquittal on the other. Primarily, the felonious assault required proof that defendant caused or attempted to cause physical harm to the victim by means of a deadly weapon. The domestic violence charge, on the other hand, only required proof that she knowingly caused or attempted to cause physical harm to the victim, who was a family or household member. Although the victim filed a police report claiming that defendant had pointed a gun at him, he altered his testimony on this point at trial, stating that he was not sure that accurately depicted what had occurred. Notwithstanding, the victim continued to maintain that defendant hit him in the head and wrist with a dresser drawer, fracturing his wrist and bruising his head. Accordingly, the jury's acquittal on the felonious assault with a deadly weapon and guilty verdict on the domestic violence count was based on competent, credible evidence in the record.
 {¶ 24} Next, defendant questions the credibility of the victim's testimony in comparison to that of the defendant. While conflicts do exist among the differing version of events, there was ample evidence upon which the jury could have relied upon in finding the defendant guilty of domestic violence. Defendant also suggests *Page 7 
that the victim's testimony was fabricated to avoid possible ramifications of losing his job. However, the victim was cross-examined and this issue was raised for the jury's consideration as well. The jury's resolutions of the conflicting evidence was reasonable. Based on the record, the domestic violence conviction cannot be considered to be against the manifest weight of the evidence.
 {¶ 25} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR. *Page 1